NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UBI TELECOM INC., | : | |
| Plaintiff, | : | Civil Action No. 2:13-1643 (KSH) (CLW) |
| v. | : | |
| KDDI AMERICA INC. and KDDI CORPORATION, | : | OPINION AND ORDER |
| Defendants. | : | |
| KDDI AMERICA INC., | : | |
| Plaintiff, | : | |
| v. | : | |
| UBI TELECOM INC., | : | |
| Defendant. | : | |

**WALDOR, United States Magistrate Judge**

Currently before this Court is a motion by KDDI America Inc. ("KDDI-A") to Amend/Correct KDDI-A's Original Complaint in 2:13-cv-1642 (consolidated by order with 2:13-cv-1643) pursuant to FED. R. CIV. P. 15(a). ("Motion to Amend," ECF. No. 76). KDDI-A seeks to add additional defendants, and to add claims based on the fraudulent transfer of assets from UBI to UBI Telecom SC, Inc. ("UBI SC"), and related counts for creditor fraud, breach of fiduciary duty, and violation of N.J.S.A. § 14A:7-14.1. Id. at 5.

1

Defendant UBI Telecom Inc. ("UBI") opposes the Motion to Amend in its entirety. ("Opposition," ECF. No. 81).

The Court resolves this Motion on the papers without oral argument pursuant to Local Rule 78.1(b). Having considered the parties' submissions and for the reasons set forth below, KDDI-A's Motion to Amend is hereby **GRANTED** as to amending the complaint to include the new defendants and Counts Eight, Nine, Eleven and Twelve, and **DENIED** as to Count Ten.

### I.  DISCUSSION

UBI filed its initial Complaint on or about February 13, 2013 in the Superior Court of New Jersey, Bergen County, alleging claims of breach of contract, promissory estoppel, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, legal fraud, equitable fraud, intentional interference with contractual relations, and negligent interference with contractual relations against KDDI Corporation and KDDI-A. (ECF. No. 1). KDDI-A removed the present action to Federal Court on March 15, 2013. (ECF. No. 1). On this same date, KDDI-A also filed its own Complaint against UBI "to collect the past due amounts for goods and services, which at that time totaled approximately $2.2 million." (ECF. No. 76 at 2, and 2:13-cv-1642: ECF. No. 1). On April 23, 2013, this Court consolidated the two matters under the current docket. (ECF. No. 16). After seeking leave on October 22, 2013, UBI filed a Second Amended Complaint on November 6, 2013. (ECF. No. 38 and 44). On September 8, 2014, KDDI-A filed the instant Motion to Amend. UBI timely filed its Opposition on October 6, 2014, and KDDI-A timely submitted its Reply Brief on October 14, 2014. (ECF. Nos. 81 and 82).

In the present motion, KDDI-A seeks to add UBI Telecom SC, Inc., Dong Kook Shin and Inho Choi as defendants. (ECF. No. 76-3 at 1). In addition, KDDI-A wishes to add four new

2

counts against all defendants: Count Eight- Actual Fraudulent Transfer; Count Nine- Constructive Fraudulent Transfer; Count Ten- Creditor Fraud; and Count Eleven- Violation of N.J.S.A. 14A:7-14.1. (Id. at 29-37). In its Reply Brief, KDDI-A has since withdrawn its initial request to add a Count Ten for "Creditor Fraud." (ECF. No. 82 at 1-2).

      a. Legal Standard

FED. R. CIV. P. 15(a)(2) allows a party to amend its pleading by leave of court when justice so requires. Leave to amend pleadings is to be freely given and the decision to grant leave to amend rests within the discretion of the court. ID.; see also Forman v. Davis, 371 U.S. 178, 182 (1962). Pursuant to Forman, leave to amend may be denied on the basis of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; and (4) futility of amendment. Id. "Only when these factors suggest that amendment would be 'unjust' should the court deny leave." Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006) (internal citations omitted).

      i. Undue Delay and Bad Faith

With regard to undue delay and bad faith, the Court of Appeals for the Third Circuit has stated:

> [t]he passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party. The question of undue delay, as well as the question of bad faith, requires that we focus on the [movant's] motives for not amending their [pleading] to assert this claim earlier; the issue of prejudice requires that we focus on the effect on the [adverse party]

Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984) (internal citations and quotation marks omitted); see also Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001) (stating that "the question of undue delay requires that we focus on the movant's reasons for not amending sooner" and the issue of prejudice requires that we focus on hardship to the nonmovant if the amendment is permitted); Lindquist v. Buckingham Township, Civ. Nos. 03-2431, 03-2971, 2004 WL 1598735, *6 (3d Cir. July 19, 2004) (unpublished) (affirming denial of leave to amend complaint to include equal protection claim in light of finding that the documents that the amending party alleged were withheld, and which gave rise to amended claim, were public and delay was, therefore, inexcusable).

Here, KDDI-A waited approximately 18 months from the filing of its initial complaint to file the present Motion to Amend; this passage of time alone is not enough to find undue delay. Further, there is no evidence to show that the delay has prejudicially impacted UBI.

In its opposition, UBI argues that "[t]he allegations contained in KDDI-A's proposed Amended Complaint are made in bad faith and are futile in that they would not survive a motion to dismiss." (ECF. No. 81 at 2). While UBI's allegation of bad faith appears more as a support point to UBI's futility argument, there is no evidence in the record of KDDI-A filing the present motion in bad faith or as the result of dilatory motives. Instead, the present motion appears to be an attempt to clarify, narrow and cure perceived deficiencies in KDDI-A's original complaint. This approach is consistent with the Third Circuit's preference to provide a party an opportunity to amend its pleadings to cure pleading defects instead of dismissing the Complaint. See In Re Merck, 493 F.3d 393, 401 (3d Cir. 2007).

      ii.  Futility

UBI's primary argument against KDDI-A's Motion to Amend is that of futility. (ECF. No. 81, 7-9). "In assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (citation and quotation omitted). Under this standard, the question before the Court is whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). While detailed factual allegations are not necessary to survive a Rule 12(b)(6) motion, "a pleader's obligation to provide the grounds of his entitlement to relief requires more than labels[,] conclusions, and a formulaic recitation of the elements of a cause of action" and requires that the "[f]actual allegations . . . be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555; see Showalter v. Brubaker, Civ. No. 07-2950, 2008 WL 2397528, at *1 (3d Cir. June 13, 2008); Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the Twombly pleading standard requires that "factual allegations must be enough to raise a right to relief above the speculative level and, to state a claim, the complaint [must embody] . . . enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement but instead calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.").

When examining the sufficiency of a litigant's pleading under Rule 12(b)(6), courts consider the proposed pleading and documents incorporated therein and view the allegations set

forth therein as true and in the light most favorable to the party asserting them.  See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004) (citations omitted).

As a result, the Court accepts the factual allegations presented in the Motion to Amend as true "as well as the reasonable inferences that can be drawn from them." Brown v. Philip Morris, Inc., 250 F.3d 789, 796 (3d Cir. 2001).  The Court then also must construe the facts in a light most favorable to the non-moving party.  Ghobrial v. Pak Manufact., Inc., 2012 WL 893079, *3 (D.N.J. March 13, 2012).

Having withdrawn its request for its inclusion of Count Ten regarding Creditor Fraud, KDDI-A has now sufficiently provided a factual basis to raise a reasonable expectation that discovery will reveal evidence of the necessary elements for the requested amendments.  In addition, UBI's challenges to the legitimacy of KDDI-A's factual claims require consideration of material beyond the pleadings and this is not permitted under Rule 12(b)(6).  Thus, viewing only the proposed pleadings and accepting the allegations as true, KDDI-A survives Rule 12(b)(1). As neither undue delay, bad faith or dilatory motive, nor futility appear to be at issue with the present motion, there exist no impediments to this Court granting KDDI-A leave to amend its complaint.

## II. CONCLUSION

For the reasons set forth above, KDDI-A's Motion to Amend is hereby **GRANTED** as to amending the complaint to include the new defendants and Counts Eight, Nine, Eleven and Twelve, and **DENIED** as to Count Ten.

It is hereby ORDERED that, within ten (10) days of the date of this Order, KDDI-A shall file and serve an Amended Complaint as set forth above.

      The Clerk of the Court is directed to terminate Docket No. 76.

**SO ORDERED.**

                                            s/ Cathy L. Waldor
                                            **CATHY L. WALDOR**
                                            **UNITED STATES MAGISTRATE JUDGE**